# IN THE COURT OF APPEALS OF IOWA

No. 17-0933
Filed September 13, 2017

**IN THE INTEREST OF B.C.,**
Minor Child,

**A.L., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.


　　A mother appeals the juvenile court decision terminating her parental rights. **AFFIRMED.**


　　Anne M. Rohling of Rohling Law, P.L.L.C., Council Bluffs, for appellant mother.

　　Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant Attorney General, for appellee State.

　　Maura C. Goaley of Maura C. Goaley, Attorney at Law, Council Bluffs, guardian ad litem for minor child.


　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights. We affirm the decision of the juvenile court.

### I.      Background Facts & Proceedings

A.L. is the mother of B.C., who was born in 2016. The mother has a long history of substance abuse, beginning at age thirteen; she is now twenty-seven years old. Her parental rights to two older children were previously terminated. This child was removed from the mother's care because the child tested positive for methamphetamine and amphetamine at the time of birth. The child was placed in foster care.

The child was adjudicated to be in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2), (n), and (o) (2016). The mother tested positive for methamphetamine in September 2016 and February 2017. She did not participate in recommended treatment throughout most of the case. She did not appear for random drug tests. The mother was evicted from her apartment and began living with friends. She attended supervised visitation with the child.

On April 19, 2017, the State filed a petition seeking termination of the mother's parental rights. At the time of the termination hearing, the mother was attending outpatient substance-abuse treatment. The juvenile court terminated the mother's rights pursuant to section 232.116(1)(e), (g), (h), and (*l*) (2017).[1]

---

[1]   The parental rights of the child's putative father were also terminated. He has not appealed.

The court determined termination of the mother's parental rights was in the child's best interests. The mother now appeals the decision of the juvenile court.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The mother claims there is not sufficient evidence in the record to support termination of her parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We will address the termination of the mother's parental rights under section 232.116(1)(g). There was a CINA adjudication for the child on October 21, 2016. *See* Iowa Code § 232.116(1)(g)(1). The mother's parental rights to two older children were terminated—one in Iowa, one in Nebraska. *See id.* § 232.116(1)(g)(2).

There was clear and convincing evidence the mother continued to lack the ability or willingness to respond to services. The mother had been using methamphetamine since she was thirteen years old. Despite several recommendations to attend a substance-abuse treatment program, she did little until shortly before the termination hearing, when she began to attend an outpatient treatment program, and then was only attending about sixty percent of the meetings. Additionally, the mother never provided the Iowa Department of Human Services with a negative drug test. She had two positive drug tests and did not show up for requested drug testing on thirty other occasions. The evidence showed the mother was unwilling to take the steps necessary to maintain sobriety so she could care for her child. *See id.* § 232.116(1)(g)(3).

Finally, we find there was clear and convincing evidence an additional period of rehabilitation would not correct the situation. The mother received services for several years during the juvenile court cases for her older children and for this child but had not been able to overcome her drug addiction. "[I]n considering the impact of a drug addiction, we must consider the treatment history of the parent to gauge the likelihood the parent will be in a position to parent the child in the foreseeable future." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998). "Where the parent has been unable to rise above the addiction and experience sustained sobriety in a noncustodial setting, and establish the essential support system to maintain sobriety, there is little hope of success in parenting." *Id.* We agree with the juvenile court's statement, "Additional time will not alleviate this problem." *See* Iowa Code § 232.116(1)(g)(4).

We find the juvenile court properly terminated the mother's parental rights under section 232.116(1)(g) and termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

**AFFIRMED.**